UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ANDRES SANCHEZ, JR.,                                 Civil No. 07-3522 (JRT/JJG)

        Petitioner,

v.                                           **REPORT AND RECOMMENDATION**

FEDERAL BUREAU OF PRISONS,
HARLEY G. LAPPIN, and
MARTY C. ANDERSON,

        Respondents.

---

Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

On July 26, 2007, Petitioner filed a habeas corpus petition that presented claims pertaining to his incarceration by the federal Bureau of Prisons. It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the <u>conditions</u> of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (<u>See</u> Order dated August 1, 2007; [Docket No. 6].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else apply for leave to proceed <u>in forma pauperis</u>, ("IFP"), and

pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's order expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by August 31, 2007, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Petitioner later asked the Court for an additional 45 days to file an amended pleading, as required by the Court's initial order. That request was granted, and the deadline for filing an amended pleading was extended to October 19, 2007. (See Order dated September 5, 2007; [Docket No. 11].) Petitioner was specifically reminded that if he did not satisfy the requirements of the initial order by the extended deadline, then his action would be subject to summary dismissal.

The extended deadline for complying with the Court's initial order has now expired, and Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee matter. Indeed, Petitioner has not communicated with the Court at all since he asked for an extension of the deadline for filing a new pleading, (which was more than two months ago). Therefore, it is now recommended, in accordance with both of the Court's prior orders in this matter, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed for failure to prosecute, the Court will also recommend that Petitioner's pending "Motion For Temporary

Restraining/Protective Order Pursuant To F. R. Civ. P. 65(b)," (Docket No. 8), be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's "Motion For Temporary Restraining/Protective Order Pursuant To F. R. Civ. P. 65(b)," (Docket No. 8), be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 16, 2007

                                            s/ Jeanne J. Graham
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 3, 2007**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.